UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

_____

TRAVIS BRAMER and
JESSICA BRAMER,

        Plaintiff,                                 **COMPLAINT**

v.

                                         **JURY TRIAL DEMANDED**

EASTPOINT RECOVERY GROUP, INC.,

        Defendant.

_____

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Travis Bramer (hereinafter "Plaintiff Travis"), is a natural person residing in the County of Rice, State of Minnesota, and is a "consumer" as

that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

5. Plaintiff Jessica Bramer (hereinafter "Plaintiff Jessica"), is a natural person residing in the County of Rice, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

6. Defendant Eastpoint Recovery Group, Inc. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 2805 Wehrle Drive Ste 1 Williamsville, NY 14221.

## FACTUAL SUMMARY

7. Sometime prior to May 2012, upon information and belief, Plaintiff Jessica incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card with Menards Hardware Store.

8. Plaintiff Travis is not affiliated with the alleged debt.

9. Plaintiffs are married and reside together.

10. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

11. Defendant called Plaintiff Jessica's cellular phone and left a voicemail message, which was a "communication" as defined by 15 U.S.C. § 1692a(2). Defendant failed to identify as a debt collector attempting to collect a debt as required by 15 U.S.C. § 1692e(11).

12. Defendant's message failed to "meaningfully disclose" the identity of Defendant, as required by 15 U.S.C. § 1692d(6).

13. Defendant's message employed false and deceptive means for the purpose of collecting a debt, violating 15 U.S.C. § 1692e(10).

14. Defendant's message was left on Plaintiff Jessica's cellular telephone. Defendant indicated that both Plaintiffs were named in a civil action for breach of contract. Defendant instructed that Plaintiff Travis or a legal representative for Plaintiff Travis call by the end of the day.

## Violation of The Fair Debt Collection Practices Act

15. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), and 1692e(11) amongst others.

## Respondeat Superior Liability

16. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiffs- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

17. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

18. By committing these acts and omissions against Plaintiffs, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

19. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiffs.

*Summary*

20. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

21. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiffs.

**TRIAL BY JURY**

22. Each Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

23. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each Plaintiff.

25. As a result of Defendant's violations of the FDCPA, each Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

26. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiffs;

27. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiffs; and

28. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs.

Respectfully submitted,

Dated: June 1, 2012   MARTINEAU, GONKO & VAVRECK, PLLC


 s/ Mark L. Vavreck                                   .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com